UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CYNTHIA M.,

              Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.

Case No. C19-5519 RAJ

**ORDER AFFIRMING THE COMMISSIONER'S DECISION AND DISMISSING THE CASE WITH PREJUDICE**

Plaintiff seeks review of the denial of her applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the ALJ erred by failing to fully account for her fibromyalgia flares. Dkt. 9. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is 38 years old, has a high school education, and has worked as a substance abuse counselor, food/drink server, and veterinarian assistant. Dkt. 7, Admin. Record (AR) 33. Plaintiff applied for benefits in March 2015, alleging disability as of May 7, 2013. AR 85. Plaintiff's applications were denied initially and on reconsideration. AR 83, 84, 109, 110. After a July 2017 hearing, the ALJ issued a decision finding Plaintiff not disabled. AR 54-82, 22-35.

ORDER AFFIRMING THE
COMMISSIONER'S DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 1

# THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:** Plaintiff has not engaged in substantial gainful activity since the May 2013 alleged onset date.

**Step two:** Plaintiff has the following severe impairments: fibromyalgia, headaches/migraines, adjustment disorder, and history of endometriosis.

**Step three:** These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity (RFC):** Plaintiff can perform sedentary work, further limited to frequently climbing ramps and stairs; occasionally stooping, kneeling, crouching, and crawling; and never climbing ladders, ropes, or scaffolds. She can sit for one hour at a time, and then needs to stand for five minutes. She can stand or walk in 20-minute increments. She must avoid frequent exposure to hazards. She is limited to simple, routine tasks.

**Step four:** Plaintiff cannot perform past relevant work.

**Step five:** As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, she is not disabled.

AR 24-35. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 6-9.

# DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). Plaintiff contends the ALJ's decision is not supported by substantial evidence. Specifically, Plaintiff argues the ALJ erred by failing to either incorporate limitations for the frequency and severity of her fibromyalgia flares

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

in the RFC, or provide sufficient reasons to reject the evidence supporting such limitations. Dkt. 9.

An ALJ "need not discuss *all* evidence presented to her. Rather, she must explain why 'significant probative evidence has been rejected.'" *Vincent v. Heckler*, 739 F.2d 1393, 1394–95 (9th Cir. 1984) (alteration in original) (quoting *Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981)). Plaintiff asserts that "objective evidence" shows that her fibromyalgia flares would prevent maintaining employment. Dkt. 11 at 5-6. In support, Plaintiff cites a few treatment notes documenting Plaintiff's self-reports of fibromyalgia flares and, on one occasion, a clinical observation of sensitivity to touch. Dkt. 9 at 2-3[3]; AR 378 (Plaintiff reports "fibro flaring up everywhere"), AR 910 (Plaintiff "states that she is not feeling up to going into pool having a [fibromyalgia] flare with migraines")[4]; AR 914 ("Significant sensitivity to touch"). The ALJ discounted Plaintiff's self-reports, and Plaintiff expressly declines to challenge that conclusion because her argument "does not rely on Plaintiff's subjective symptoms, but on treatment notes…." Dkt. 11 at 3. Plaintiff contends the ALJ erred by rejecting "the opinion of an examining physician," but she cites only treatment notes documenting self-reports and a single clinical observation, not opinions of examining physicians. *Id.* at 3-4. Self-reports were permissibly discounted. And a single clinical observation of sensitivity to touch does not establish regular, debilitating fibromyalgia flares. In short, Plaintiff has not pointed to any significant, probative evidence that the ALJ failed to address.

---

[3] Plaintiff also mentions the opinion of treating physician David Kennel (misspelled "Kernal"), M.D., but expressly declines to rely on it. Dkt. 9 at 2; Dkt. 11 at 5 ("Plaintiff did not rely on his opinion").
[4] Plaintiff mischaracterizes the record by stating that she was unable to engage in pool therapy on three occasions, when all four cited pages refer to the same occasion: June 29, 2017. *See* Dkt. 9 at 2; AR 908, 910, 911, 914.

Plaintiff also contends the ALJ erred by relying on the opinion of state agency non-examining doctor Howard Platter, M.D. Plaintiff argues that Dr. Platter provided "an across the board assessment of RFC, not one that addresses her limitations without flares and her limitations when having flares." Dkt. 9 at 3. There is no support for Plaintiff's assumption that an opinion must provide two different RFC assessments, one for normal conditions and one for when a fibromyalgia sufferer is having flares. Dr. Platter reviewed the medical record and opined that Plaintiff could perform light work with additional limitations, within the tolerances of competitive employment. *See* AR 119-20. Implicit in this opinion is that Plaintiff's absenteeism due to fibromyalgia flares would be no greater than tolerated in competitive employment. The ALJ permissibly accepted Dr. Platter's opinion. *See Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ must provide reasons for rejecting a medical opinion, but not for accepting one). The ALJ based the RFC on Dr. Platter's opinions, and included additional limitations. Thus Plaintiff's argument that the ALJ's RFC assessment was unsupported fails. Plaintiff has not shown the ALJ committed any harmful error.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 8th day of January, 2020.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER AFFIRMING THE
COMMISSIONER'S DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 4